Good morning, Your Honors, and may it please the Court. Kimberly Trimble of Federal Defenders on behalf of Mr. Morelos-Navarro. There are several paths this Court could take to conclude that Mr. Morelos' removal order is invalid. The most straightforward path is to conclude that he did not validly waive his right to counsel and that he suffered prejudice because it's plausible that he would have received 212H relief from removal if he was represented by a competent attorney. This Court can conclude that his waiver of the right to counsel was not valid by looking at the totality of the record. First, it's clear that Mr. Morelos requested counsel before he was in front of the immigration judge, and that was on the form that he filled out in advance. This serves to show the state of mind that Mr. Morelos had going into the proceeding. Then the first advisal that he had about the right to counsel was during a group advisal. It was a recording of the immigration judge, and actually in context he was only told about the right to counsel if he was applying for voluntary departure, that he could then get an attorney. So this advisal... If we find that record problematic in terms of whether he knowingly waived his right to counsel, what's your best case for plausibility? At the time of the proceedings, had any circuit questioner overturned the BIA opinion? No, Your Honor, not at the time of his removal proceeding. However, this Court's decision in Negrete found that the statutory language was clear and unambiguous. And a competent attorney like this Court would begin with the statutory language and would see that this was a plausible argument that could be made. That's why this case is on point with United States v. Lopez-Chavez. When this Court is considering the state of the law, I agree you need to look at the law at the time, but that doesn't mean that the story is over when there's a BIA decision on point. That BIA decision was contrary to the statutory language, and a competent attorney would have realized that and pursued these arguments. The timing of it, actually, we know that attorneys were already making these arguments because the Fifth Circuit decision, Martinez, began in... The entire case began in 2003, and so that was even before Mr. Morelos was in removal proceedings. So he fits within the timeline when competent attorneys were raising these arguments. And we know, because of this Court's decision in Negrete, that if this argument had been raised, this Court would have found that he was eligible for this relief. The government does not dispute that he is actually eligible for this relief today as the law stands in the Ninth Circuit. So if a competent attorney had been representing him, he would have raised this argument. He also would have advised Mr. Morelos to expedite the marriage to his wife, which occurred only 10 days after the removal hearing. So even if that had occurred while an appeal was pending, that could have served as a basis for the visa that would have been then immediately available to him. Well, Lopez-Travis was a bit of a stronger case because there was already an existing circuit split. So counsel was advised that there's legal disagreement or ambiguity in the way that the cases were being... Or the statute was being interpreted. Is that your advancing in this case? Your Honor, I do think so. And I think so because even though there's a circuit split in Lopez-Travis, it's actually telling that there never was a circuit split on this issue. All of the circuits to address this question have concluded that individuals like Mr. Morelos are eligible for this form of relief. And that's actually why the law of the land at the time that Mr. Morelos was in removal proceedings showed that this was the type of relief that It's not as if there was decisions to draw this question that would make this an uncertainty. There weren't any decisions to the contrary that would have said that he was not eligible for this form of relief. So it's an open question, even more so than in Lopez-Travis, where it was an open question with conflicting decisions. Should a competent attorney raise an open question? Yes, Your Honor. I think a competent attorney, certainly a competent attorney should raise any open question. And definitely when there's clear and unambiguous statutory language in support of the position, that is still an open question. The government has relied on United States v. Gomez to say that the law at the time would preclude Mr. Morelos from relief. But United States v. Gomez had Ninth Circuit case law to support a decision that was against the detainee. And that wasn't the case for Mr. Morelos. Tellingly, even the court in Gomez actually looked to a decision that happened three months after Mr. Gomez's removal hearing to support its conclusion that if he had pursued this argument, it would have gone against him. That never happened for Mr. Morelos. In fact, we have the opposite, that once this question was pursued, it went in favor of Mr. Morelos. So he would have plausibly gotten this form of relief. If the court has no further questions, I'll reserve my remaining time for rebuttal. Thank you, Kathryn. Good morning, and may it please the court. Ajay Krishnamurthy for the United States. Mr. Morelos's conviction should be affirmed because he cannot show any prejudice from any previous immigration proceeding. Because he was convicted of an aggravated felony in 2006, he had no plausible grounds for relief. At the time of his removal proceeding, as everyone seems to agree, he was not eligible for 212H relief because he became a lawful permanent resident after he entered the United States. Well, you say everyone seems to agree, but counsel said it's at least an open question, and there were lawyers raising this issue as to whether that was the proper interpretation in light of the statutory language. So how do we deal with that issue? What I meant is everyone seems to agree that the BIA had squarely foreclosed that issue at that time. And in fact, the evidence of that is the first Fifth Circuit case that came out the other way. That immigration proceeding had happened in 2003, which was several years before Mr. Morelos's removal proceedings. With respect to the argument that if Mr. Morelos had an attorney, he could have been the one to win this issue, I think that requires a level of speculation that goes far beyond what this Court has accepted in the past. In Lopez-Chavez, it was one thing to say that a competent attorney would have made an argument that was expressly noted as an open issue within the BIA and had been the subject of a circuit split among the circuits. But it's quite another thing to say here, if Mr. Morelos had been advised of his right to counsel in some other way, one, he would have even hired an attorney because of his repeated statements  that that attorney would have made an argument that was squarely foreclosed by BIA law. Well, what difference does it make if it's squarely foreclosed by BIA law? There obviously are attorneys all across the country raising it before courts of appeals. A competent attorney, you think, would stop because the BIA had answered the question? Your Honor, I think Lopez-Chavez turned on that fact, that a competent attorney would have pursued an open avenue for relief. But I don't think there is any court that has ever held that an effective attorney is required to work a change in the law when that issue has been foreclosed. Well, it's not a change in the circuit law. It's only a change in the BIA law. Correct. But even so, that attorney would have been required to make an argument that was foreclosed. I'm not aware of any decision. But why doesn't it seem natural to you as an attorney that you wouldn't stop because the BIA said something, that if you thought the statute was to the contrary, that you would raise it with the courts? Why would you stop just because the BIA had decided? Well, I mean, the BIA is binding in immigration proceedings, and so that's one issue. The other issue is that Mr. Morelos wasn't even eligible for 212-H relief. Okay. Well, that's a different issue. I mean, you were arguing the first part. But okay. So then you go on to your second issue. You say a competent attorney would stop because the BIA had ruled one way. But the second issue is you think that he wouldn't be a candidate for relief in any event. Correct. If I may go back to that last point just for a minute, it's not that no attorney would have pursued an avenue that was foreclosed by the BIA but open in the circuits, but rather when this court is looking to the plausibility of relief, the defendant has the burden of proving that relief was plausible. It is one thing to say that an effective attorney, a constitutionally effective attorney, would have pursued an open question. It is another to say that he would have got an attorney that would have pursued a question that was foreclosed. But going to the second point, 212-H isn't a standalone form of relief from removal. It's only applicable in the context of someone who has applied to adjust his or her status. That has a number of requirements, and one of those requirements is having a visa that is immediately available. Mr. Morales did not have a visa that was immediately available to him. He was not married at the time of his removal proceeding, and his children were not old enough to make that available to him in any event. But wouldn't his attorney have – he was living with someone. Correct. All right. And they did get married later, so it's not inconceivable that they would have gotten married shortly afterwards. And had an attorney said to him, look, if you're living with this lady who you consider your wife, if you marry her, then you will be immediately eligible? Your Honor, I think that argument is pretty squarely foreclosed by this Court's decision in Morial Luna. In that case, the defendant was married 8 months later. In this court held, Morial Luna cites no authority for the proposition that the immediately available – But that case doesn't have case holdings. I.J. doesn't have a duty to tell him about getting married, rather than that an attorney wouldn't have that duty or wouldn't do so? Correct. That case was about the adequacy of the advisal, but I think that statement of law is pretty unambiguous, that when you're looking at the immediately available requirement, that means immediately available. Well, it's – the issue in that case is what was the I.J.'s duty, and the I.J.'s duty is different from what his own attorney might do. Is it plausible that his attorney would have said to him, you're living with this woman you consider your wife, all you have to do to become immediately available is to marry her? And, in fact, he did marry her, which shows it's not that implausible that he would have done that. And if he had done that, he would have become immediately available, wouldn't he? Your Honor, I think this Court has consistently looked about whether or not someone can show prejudice in the immigration proceeding that they actually did have, whether that is at the time of their proceeding, whether or not they could have been granted relief. And that includes in cases in which the issue was a deficient waiver of counsel. I don't think this Court has ever sort of considered a hypothetical immigration proceeding that could have happened at a different time had this person been advised a different way. It has always looked at the immediacy of the relief at that time. Is there a difference between likelihood and plausibility? I mean, isn't that really what we're having to judge here is plausibility for a course of action that might have been taken? That's correct. I mean, all these hypotheticals are possible. It is possible that Mr. Morelos, if advised of his right to counsel some other way, would have hired an attorney like he didn't this time. It is possible that that attorney would have tried to argue against a squarely foreclosed issue. It is possible that the attorney would have told him that he should get married. But, again, this Court has repeatedly held that that possibility is too remote to show plausibility in this context. Unless this Court has any other questions, we ask the Court to affirm. Thank you. Thank you, counsel. Your Honors, I just have two points to raise in rebuttal. First, the government has argued that there isn't any case showing that you can consider the plausibility of relief as removal proceedings go on. This Court in United States v. Ahumada v. Aguilar did exactly that. In that case, the individual was, on the first hand, contesting whether he was a United States citizen so that he might not even be subject to removal. That constitutional question was eventually decided against him by the Supreme Court. But this Court decided that if he had had an immigration attorney who had pursued that defense, he would have then accrued the amount of time necessary to be eligible for relief while that appeal was pending. So it's certainly appropriate for this Court to consider other things that might have been happening while he was represented by an attorney, including his eventual marriage to his United States citizen wife. As to the applicability of the case United States v. Morial Luna, there are some stark contrasts in that case to this case. First, during the removal proceedings in Morial, Mr. Morial told the immigration judge that he was single. He didn't even mention his girlfriend. Mr. Morales told the immigration judge that he had a wife. He wasn't lawfully married at that time, but there was no follow-up to that conversation. I think the use of the term wife indicates that Mr. Morales' relationship was serious, and more serious than that in Morial's case. Furthermore, Mr. Morial married his girlfriend eight months after the removal proceeding. Mr. Morales married his wife only 10 days after the removal proceeding. So all indications of the factual differences between Mr. Morial and Mr. Morales show that this marriage was much more likely to be happening during removal proceedings and certainly immediately had his competent attorney told him that that was all that was necessary for him to be eligible for relief. And as to the plausibility of relief, that issue was not contested below by the government factually, and so any arguments that he factually wouldn't have received 212H relief had been waived by the government. Aside from the possibility of waiver, what is your understanding of the meaning of plausibility as compared to our other standards, such as likelihood or more than not? A plausibility for relief doesn't need to show that it would certainly be granted. It just needs to show that it was possible that it would be granted. So given the family hardships that were endured by Mr. Morales' family and that this Court has found in United States v. Arrieta that family relationships is the most important factor for extreme hardship, I think Mr. Morales has satisfied that showing of plausibility. Is a plausibility a little higher standard than possibility? Anything is possible. Yes, Your Honor. What I meant to say is we don't need to show a certainty that he would have been granted this relief. Well, if there's a big difference between certainty and possibility, where does plausibility fall in the scale of possible standards? Your Honor, I think we need to show that there were factors in favor of granting that relief. And, in fact, this Court's decision in United States v. Cisneros is telling on that. In Cisneros, the individual, the plausible relief that the individual could have gotten was a U visa. She had actually been denied the U visa later, but this Court nevertheless found that relief was plausible given all of the factors in favor of that form of relief. So I don't think that plausibility is a very high standard. I would concede that it's higher than possibility, but given all of the factors in Mr. Morales' favor, including the very low sentence that he got for his single criminal conviction, his mental health issues, and his strong relationships and 18 years of living in this country, I think it's certainly plausible that he would have gotten this form of relief. Unless the Court has further questions, I'll end there. Thank you, counsel. Thank you both very much. The case will be submitted.
judges: Reinhardt, Nguyen, Settle